UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20494-ALTMAN(s)

UNITED STATES OF AMERICA

v.

DAVID WAYNE CURRIN JR.,

   Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and DAVID WAYNE CURRIN JR. (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment, which charge the defendant with Production of Visual Depictions Involving Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2251(a) and (e) (Count 1) and Transportation of Visual Depictions Involving Sexual Exploitation of Minors, in violation of Title 18, United States Code, Section 2252(a)(1) and (b)(1) (Count 2).

2. This Office agrees to dismiss Count 3 of the Superseding Indictment after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the

Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the following statutory penalties apply:

    a. *Imprisonment.* On Count 1, pursuant to Title 18, United States Code, Section 2251(a) and (e), the Court must impose a minimum term of imprisonment of fifteen years and may impose a statutory maximum term of imprisonment of thirty years. On Count 2, pursuant to Title 18, United States Code, Section 2252(b)(1), the Court must impose a minimum term of imprisonment of five years and may impose a statutory maximum term of twenty years' imprisonment. These sentences of imprisonment may be run consecutively, for a total sentence of fifty years' imprisonment.

b. *Supervised Release.* On Counts 1 and 2, pursuant to Title 18, United States Code, Section 3583(k), following any term of imprisonment, the Court must impose a minimum term of supervised release of five years and may impose a term of supervised released up to the statutory maximum term of life.

c. *Fines.* In addition, the Court may impose a fine of up to $250,000 on the defendant.

d. *Restitution.* Pursuant to Title 18, United States Code, Sections 3663(a)(3), 3663A(a) and (b), 3664, 2248, and 2259, the defendant agrees to make full restitution to all victims of his offenses as to all counts charged in the Superseding Indictment, whether or not the defendant enters a plea of guilty to such counts. Further, the defendant agrees to pay restitution to any of his victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense.

Once the victims' losses are calculated, pursuant to Title 18, United States Code, Section 2259(b)(2)(B), the Court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victims' losses, but not less than $3,000 per victim. The defendant agrees and understands that any payment schedule imposed by

the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Further, pursuant to Title 18, United States Code, Section 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

e. *Special Assessments.* In addition, the defendant also understands and acknowledges that, pursuant to Title 18, United States Code, Section 3013, a special assessment of $100 will be imposed on the defendant as to each count of conviction. Further, pursuant to Title 18, United States Code, Section 3014, the defendant is required to pay an additional special assessment in the amount of $5,000. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If the defendant is indigent, or otherwise financially unable to pay this special assessment amount, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the defendant's failure to pay.

f. *Assessment in Child Pornography Cases.* Pursuant to Title 18, United States Code, Section 2259A(a)(2), an assessment fee of not more than $35,000 may be imposed on the defendant. Pursuant to Title 18, United States Code, Section 2259A(c), in determining the amount of this assessment, the Court shall consider the factors set forth in Title 18, United States Code, Sections 3553(a) and 3572.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The defendant agrees that the victims in this case have the legal right to be reasonably heard at any public proceeding and agrees not to object to the victims' oral or written impact statements at these proceedings.

8. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

9. The defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to: (1) any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and (2) any property, real or personal, constituting or derived from any proceeds that such person obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 981(a)(l)(G).

10. The defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture,

including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

11.  The defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which the defendant has or had any direct or indirect financial interest or control, and any assets involved in the offenses of conviction. The defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

12.  The defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to Title 18, United States Code, Section 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout the defendant's life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to the defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person the defendant's sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If the defendant resides in Florida, following release from

prison, the defendant will be subject to the registration requirements of § 943.0435, Florida Statutes. The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon the defendant's release from confinement following conviction.

13. As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Florida and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update the defendant's registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

14. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

MICHAEL S. DAVIS
ACTING UNITED STATES ATTORNEY

Date: 1/23/25    By: _____
ILANA MALKIN
ASSISTANT UNITED STATES ATTORNEY

Date: 1/23/25    By: _____
ALEXANDRA HOFFMAN
COUNSEL FOR DEFENDANT

Date: 1/23/25    By: _____
DAVID WAYNE CURRIN JR.
DEFENDANT