**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-CR-20494-ALTMAN(s)**

**UNITED STATES OF AMERICA**

**v.**

**DAVID WAYNE CURRIN JR.,**

        **Defendant.**

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**OBJECTIONS TO DRAFT PRESENTENCE INVESTIGATION REPORT**

      The United States hereby responds to the Defendant David Wayne Currin Jr.'s Objections to the Presentence Investigation Report ("PSI"). (DE 35). The Defendant argues that the two-level enhancement under U.S.S.G. § 2G2.1(b)(5) does not apply because the Defendant "does not share a blood relationship" with the non-verbal, autistic, 11-year-old Minor Victim. (*Id.* at 1). The Defendant also argues the Minor Victim was not in the "care, custody, or control of Mr. Currin." (*Id.* at 1–2). The Defendant thus argues his correct offense level is a 41, with a guideline range of 324 to 405 months.[1] (*See id.*). Probation properly applied this enhancement based on: (i) the Defendant being a relative of the Minor Victim, and (ii) the Defendant's position of care, custody, and supervisory control of the Minor Victim. On either of these bases, this Court should find the enhancement is properly applied.

_____

[1] As a preliminary matter, Probation calculated the Defendant's adjusted offense level as a 48. (DE 34 ¶ 36). With acceptance of responsibility, the Defendant's total offense level is a 45. Even if the Defendant's objection to the PSI was sustained, the Defendant's total offense level would be a 43, with a guideline range of life.

Section 2G2.1(b)(5) provides for a two-level enhancement "[i]f the defendant was a parent, relative, or legal guardian of the minor involved in the offense, or if the minor was otherwise in the custody, care, or supervisory control of the defendant." U.S.S.G. § 2G2.1(b)(5). According to § 2G2.1's commentary, this enhancement "is intended to have broad application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently," such as "teachers, day care providers, baby-sitters, or other temporary caretakers." *Id*. § 2G2.1 cmt. n.3(A). The commentary further states that courts should look to the "actual relationship that existed between the defendant and the minor" and not simply its legal status. *Id*. Moreover, the Eleventh Circuit has found that "[b]ecause the commentary list is non-exhaustive and the enhancement is to be applied broadly, the operative language must include defendants whose roles in the care of children are comparable to one or more of the commentary's examples." *United States v. Isaac*, 987 F.3d 980, 992 (11th Cir. 2021).

The Government bears the burden of proving a disputed fact in the PSI by a preponderance of the evidence and must carry this burden by presenting "reliable and specific evidence." *See United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009). Here, while the Defendant is not a "blood" relative of the Minor Victim, the Defendant is in every meaningful sense the Minor Victim's uncle. The Defendant has been in the Minor Victim's life since the Minor Victim was approximately three years old. The Defendant shares this familial relationship with the Minor Victim because the Defendant's sister was in an approximately eight-year romantic relationship with the father of the Minor Victim, and they share one child together. (DE 34 ¶ 16). In an interview with law enforcement, the Minor Victim's parents shared that the Defendant was referred to as "Uncle Bubbles" by their family. Even as recently as July 2024, the Defendant discussed going on

a trip for his "niece's birthday," a family trip that the Minor Victim, the Minor Victim's father, the Defendant, and multiple other family members went on. (*Id.* ¶ 14). The Defendant also texted about the trip: "We were going to all share a hotel room but it was too cramped. Mom and I got our own." (*Id.*). The Minor Victim, his father, and his siblings also lived in the Defendant's grandmother's home from in or around 2017 to in or around 2022—a home the Defendant resided in intermittently over the years, a home that the Defendant had a key to, and the same home where the Defendant abused the Minor Victim. (*Id.* ¶ 20).

The argument that this enhancement should not apply simply because the Defendant does not share a "blood relationship" with the Minor Victim belies logic, modern familial relationships, the commentary to the Sentencing Guidelines, and Eleventh Circuit case law. *See* U.S.S.G. § 2G2.1 cmt. n.3(A) (stating courts should look to the "actual relationship that existed between the defendant and the minor" and not simply legal status); *United States v. Hall*, 780 F. App'x 710, 711 (11th Cir. 2019) (enhancement under 2G2.1(b)(5) applied where the minor victim was the Defendant's step-granddaughter); *United States v. Cannon*, No. 22-11492, 2022 WL 17069627, at *2 (11th Cir. Nov. 17, 2022) (enhancement under 2G2.1(b)(5) applied where Defendant had supervisory control over the minor victim, the Defendant's stepdaughter). By the Defendant's logic, a blood relative with no real relationship to a minor victim would receive this enhancement while a stepparent or stepsibling with everyday exposure to a minor victim would not.

But even if the Court were to find the Defendant was not a relative of the Minor Victim, this enhancement also properly applies because the Minor Victim was in the care, custody, and supervisory control of the Defendant. In the Defendant's own chat conversations, the Defendant admitted that the reason he had access to the Minor Victim was because "he lived next door and I

would have to watch him if my sister was working." (DE 34 ¶ 14). Indeed, in the sexually explicit video the Defendant produced and distributed of the Minor Victim, the Minor Victim is alone in a room in the family home with the Defendant.

The enhancement under Section 2G2.1(b)(5) is intended to apply even in situations where a minor is entrusted to a defendant temporarily because of the position of trust a person is put in when watching a minor—no one would suspect a teacher, a babysitter, or a relative to abuse this position of trust. The enhancement serves to account for this abuse of trust, and it is properly applied to the Defendant here.

For the foregoing reasons, the United States respectfully requests that the Court overrule the Defendant's objections to the PSI and find that Probation properly applied the enhancement under U.S.S.G. § 2G2.1(b)(5).

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: March 31, 2025          By: _/s/ Ilana R. Malkin_____
                              Ilana R. Malkin
                              Assistant United States Attorney
                              Court No: A5503170
                              99 Northeast 4th Street
                              Miami, Florida 33132
                              Tel: (305) 961-9170
                              Email: Ilana.Malkin@usdoj.gov

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on March 31, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*/s/ Ilana R. Malkin*
Ilana R. Malkin
Assistant United States Attorney
